**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

| | | |
|---|---|---|
| CAROLYN HARTAGE, | : | |
| | : | |
| Claimant, | : | |
| | : | |
| v. | : | CASE NO. 4:09-CV-48 (CDL) |
| | : | Social Security Appeal |
| MICHAEL ASTRUE, | : | |
| Commissioner of Social Security, | : | |
| | : | |
| Respondent. | : | |

## REPORT AND RECOMMENDATION

The Social Security Commissioner, by adoption of the Administrative Law Judge's (ALJ's) determination, denied Claimant's application for a period of disability, disability insurance benefits, and supplemental security income, finding that she was not disabled within the meaning of the Social Security Act and Regulations. Claimant contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam). Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The court's role in reviewing claims brought under the Social Security Act

is a narrow one. The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth*, 703 F.2d at 1239. However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.*

The initial burden of establishing disability is on the claimant. *Kirkland v. Weinberger*, 480 F.2d 46, 48 (5th Cir. 1973) (per curiam). The claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981). A claimant seeking Social Security disability benefits must demonstrate that she suffers from an impairment that prevents her from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. § 404.1 *et seq.*

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

Under the regulations, the Commissioner uses a five-step procedure to determine if a claimant is disabled. 20 C.F.R. § 404.1520, app. 1, pt. 404. First, the Commissioner determines whether the claimant is working. If not, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities. Second, the Commissioner determines the severity of the claimant's impairment or combination of impairments. Next, the Commissioner determines whether the claimant's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the regulations (the "Listing"). Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work. Finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevent the performance of any other work. In arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984). The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Id.*

### ISSUES

**I.** **Did the ALJ properly evaluate the medical opinions in the record?**

**II.** **Did the Appeals Council properly evaluate new evidence submitted by the claimant?**

### Administrative Proceedings

Claimant filed her initial applications for disability, disability insurance, and

Supplemental Security Income benefits on June 18, 2004. (T. 71-73, 127, 626-29.) Claimant alleged a disability onset date of March 3, 2004, due to cerebrovascular disease, chronic brain syndrome, and back problems. (T. 36, 71, 93, 615-16, 626.) Her applications were denied initially and upon reconsideration. (T. 36-37.) Claimant timely filed a request for a hearing, and on August 2, 2007, a video hearing was held. (T. 715-32.) In addition to Claimant's testimony, the ALJ heard testimony from vocational expert Sue H. Turner. (T. 716.) On August 30, 2007, the ALJ entered an unfavorable ruling (T. 14-26), and the Appeals Council subsequently denied Claimant's request for review (T. 5-8). This appeal followed.

## Statement of Facts and Evidence

After consideration of the written evidence and the hearing testimony in this case, the ALJ determined that Claimant met the insured status requirements of the Social Security Act through December 31, 2009, and that Claimant had not engaged in substantial gainful activity since March 3, 2004. (T. 19.) The ALJ also concluded that Claimant had severe, medically determinable impairments of cerebrovascular accident ("CVA"), degenerative joint disease of the knees, peripheral neuropathy, obesity, and lumbar degenerative disc disease, but that these impairments—or any combination of her impairments—did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (T. 19-20.) The ALJ next found that Claimant had the residual functional capacity ("RFC") to perform a range of light work with the following limitations: lifting, pushing, pulling, and carrying 20 pounds occasionally, and 10 pounds frequently, with frequent but

4

not constant use of the hands for feeling; standing and walking for 2 hours, and sitting for 8 hours during an 8-hour workday; occasionally, performing tasks that require the ability to climb, balance and stoop; claimant must avoid working around hazardous situations; and claimant can follow simple instructions and simple tasks. (T. 20-21.) Because Claimant's past relevant work as a custodian was classified by the VE as medium exertion, the ALJ determined that Claimant could not perform her past relevant work with this RFC. (T. 24-25.) The ALJ determined that Claimant was a younger individual, with at least a high school education, who could communicate in English. (T. 25.) Since Claimant's past relevant work was unskilled, the ALJ determined that transferability of job skills was not an issue. *Id.* The ALJ also relied upon evidence provided by the vocational expert who stated that given Claimant's age, education, work experience, and RFC, jobs existed in significant numbers in the national economy that Claimant could perform. (T. 25-26.) Thus, the ALJ concluded that Claimant was not disabled within the meaning of the Social Security Act. (T. 26.)

## DISCUSSION

**I.  Did the ALJ properly evaluate the medical opinions in the record?**

    A.    <u>Psychiatric Review Technique Form</u>

Claimant argues that the ALJ failed to complete a Psychiatric Review Technique Form ("PRTF") in violation of 20 C.F.R. § 404.1520a, 20 C.F.R. § 416.920a, and the holding in *Moore v. Barnhart*, 405 F.3d 1208 (11th Cir.). (Doc. 15 at 11-14.) The Commissioner concede that the ALJ should have completed a PRTF, but argues that such error was harmless. (Doc. 16 at 6.) The Court agrees with the Claimant that a PRTF should have been

completed in this case and recommends that the decision be remanded to the ALJ for further evaluation consistent with this report.

In *Moore*, the Eleventh Circuit explained that "where a Claimant has presented a colorable claim of mental impairment, the social security regulations require the ALJ to complete a PRTF, append it to the decision, or incorporate its mode of analysis into his findings and conclusions." 405 F.3d at 1214; *see also* 20 C.F.R. § 404.1520a(a) ("[W]hen we evaluate the severity of mental impairments for adults . . . , we *must* follow a special technique at each level in the administrative review process.") (emphasis added). In a PRTF, an ALJ is required to complete "separate evaluations on a four-point scale of how the claimant's mental impairment impacts four functional areas: activities of daily living; social functioning; concentration, persistence or pace; and episodes of decompensation." *Moore*, 405 F.3d at 1213*; see also* 20 C.F.R. § 404.1520a(c). It is an inquiry directly implicated at steps 2 and 3 of the sequential evaluation process, and is used to assist the ALJ in making a determination as to the severity of the Claimant's impairments. *See* 20 C.F.R. §§ 404.1520a, 416.920a(d)(3). It is then up to the ALJ to analyze the Claimant's residual functional capacity to ultimately determine whether a disability exists. *Id.*; SR 96-8p. The failure of an ALJ to follow this procedure "requires remand." *Moore*, 405 F.3d at 1214.

Here, the ALJ failed to specifically address any of the four above described issues with respect to Claimant's mental condition, and further failed to evaluate how such mental condition would impact her RFC. (*See* T. 19-26.) Contrary to the Commissioner's assertion, the ALJ's mere statement that the Claimant "can follow simple instructions and perform

simple tasks" (T. 21) does not fulfill the requirements under the regulations. (Doc. 16 at 6.) This statement is not an evaluation of Claimant's mental condition, nor does it indicate specifically that the ALJ was considering the Claimant's mental condition in the RFC determination. Furthermore, without at least the incorporation of the PRTF's standards into the ALJ's decision, it is impossible for this Court to determine whether the ALJ's error in failing to perform a PRTF is harmless. *See, e.g., Moore*, 405 F.3d at 1214 ("Because the ALJ's decision lacks consideration of these factors and their impact on his ultimate conclusion as to Moore's RFC, we cannot even evaluate the Commissioner's contention that the ALJ's error was harmless.").

The ALJ's failure to perform a PRTF or comply with its mode of analysis requires remand in this case. It therefore recommended that the decision be remanded to the ALJ for the performance of a PRTF or for the incorporation of the PRTF standards into the ALJ's decision.

  B. Evaluation of Drs. Denes' and Raju's opinions

Claimant also argues that the ALJ erred in according Dr. Denes' and Dr. Raju's medical opinions minimal weight.[2] Because remand of this case is recommended the Court does not have to consider whether the ALJ also erred in evaluating the medical opinions. Nevertheless, the Court notes that the ALJ should revisit and further explain his determinations that the opinions of Drs. Denes and Raju were not sufficiently supported by

---

[2]  Dr. Denes performed a psychological examination of Claimant on February 21, 2005 (T. 541-45). Dr. Raju was Claimant's primary treating physician beginning in 2004. (Doc. 15 at 14.)

7

the medical records. While on review the court may not decide facts, re-weigh evidence, or substitute its judgment for that of the Commissioner; however, it may scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings and ensure that the Commissioner's findings are supported by substantial evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Court questions whether the ALJ's decision was supported by substantial evidence and directs the ALJ to address the issues presented by Claimant on remand.

**II.     Did the Appeals Council properly evaluate new evidence submitted by the claimant?**

The Court refrains from addressing this issue since remand is recommended. However, upon remand, the ALJ should consider the additional evidence submitted by the Claimant to the Appeals Council. (*See* T. 636-714.)

**CONCLUSION**

**WHEREFORE**, it is the recommendation to the United States District Judge that this case be **REMANDED**. Pursuant to 28 U.S.C. § 636(b)(1), the Commissioner may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within fourteen (14) days after being served a copy of this recommendation.

THIS the 14th day of July, 2010.

S/Stephen Hyles
UNITED STATES MAGISTRATE JUDGE

agh