IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| CAROLYN HARTAGE, | * | |
| Claimant, | * | |
| vs. | * | CASE NO. 4:09-CV-48 (CDL) |
| | | Social Security Appeal |
| MICHAEL ASTRUE, Commissioner of Social Security, | * | |
| | * | |
| Respondent. | * | |

ORDER ON REPORT AND RECOMMENDATION

The United States Magistrate Judge filed a Report and Recommendation regarding Claimant's Motion for Attorney Fees. Report & Recommendation, ECF No. 27. The Magistrate recommended that Claimant be awarded attorney's fees in the amount of $6,120.11 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). The Magistrate also recommended that the fees be awarded directly to Claimant and not her attorney. The Magistrate further recommended that the Court deny Claimant's request for attorney's fees under the Social Security Act, 42 U.S.C. § 406(b).

Claimant does not object to the Magistrate's recommendation that the Court deny Claimant's request for attorney's fees under the Social Security Act. Claimant also does not object to the Magistrate's recommendation that the attorney's fees awarded pursuant to the EAJA be paid directly to Claimant and not her

attorney. The Court finds no plain error or manifest injustice in these two recommendations and therefore accepts them.

Claimant objects to the Magistrate's recommendations regarding the number of recoverable hours and the applicable hourly rate. Claimant also requests that the Court authorize EAJA fees for an additional 10.6 hours Claimant's counsel spent preparing Claimant's objections to the Magistrate's original Report and Recommendation, which recommended denying Claimant's fee request in its entirety. The Court reviews these issues *de novo*. For the reasons set forth below, the Court modifies the Magistrate's Report and Recommendation and awards Claimant EAJA attorney's fees in the amount of $8,692.37, to be paid directly to Claimant.

## DISCUSSION

### I. Standard for Awarding EAJA Attorney's Fees

The EAJA allows a civil litigant who prevails in a civil action against the United States to recover attorney's fees unless the position of the United States was substantially justified. 28 U.S.C. § 2412(d)(1)(A). In this action, the Commissioner does not dispute that Claimant is the prevailing party, that Claimant incurred attorney's fees, and that the Commissioner's position was not substantially justified. Therefore, an award of fees is warranted, and the question for the Court is what amount of fees should be awarded.

EAJA fees are calculated by multiplying the reasonable time expended by the attorney's reasonable hourly rate. 28 U.S.C. §§ 2412(d)(1)(B), (d)(2)(A). *Accord Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); *see also Astrue v. Ratliff*, 130 S. Ct. 2521, 2531 (2010) (noting that "EAJA fees are calculated under the lodestar method by examining the attorney's reasonable hours expended and her reasonable hourly rate").

**II. Hours Reasonably Expended**

A. <u>"Review" Hours</u>

In her original fee request, Claimant sought compensation for 39.5 hours of attorney work, 37.65 hours in 2009 and 1.85 hours in 2010. The Magistrate recommended that the Court award fees for 35.5 hours but exclude four hours sought by Claimant "for review of one attorney's work by another attorney." Report & Recommendation 4, ECF No. 27. The Magistrate found that "[n]o special need is shown or claimed by Claimant's attorneys" for one of Claimant's attorneys to review a brief drafted by the other attorney.

The proper question is whether the hours were reasonably expended, not whether there was a "special need" for the hours. While an attorney "may not be compensated for hours spent on activities for which he would not bill a client of means who was seriously intent on vindicating similar rights," there "is nothing inherently unreasonable about a client having multiple

3

attorneys, and they may all be compensated if they are not unreasonably doing the same work and are being compensated for the distinct contribution of each lawyer." *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1301-02 (11th Cir. 1988).

Here, one of Claimant's attorneys drafted the brief, and the other attorney spent four hours making "final revisions," preparing the brief for filing, and filing the brief. Martin Aff. Attach. 1, ECF No. 21-3 at 4, 9/28/09 time entry. These are services that would be reasonably billed to a paying client, and the time sought is not excessive. Therefore, the Court modifies the Magistrate's Report and Recommendation to include those four hours in the fee award.

B.  Additional Hours

Claimant requests that the Court authorize EAJA fees for an additional 10.6 hours Claimant's counsel spent preparing Claimant's objections to the Magistrate's original Report and Recommendation, which recommended denying Claimant's fee request in its entirety. The Commissioner does not object to the additional hours and represents that "fees for work performed on the objections would be appropriate in this case." Comm'r's Resp. to Pl.'s Objections 2, ECF No. 29. It was not unreasonable for Claimant's counsel to spend time objecting to the Magistrate's sua sponte decision to deny attorney's fees, which was based on matters not addressed by either party.

Accordingly, the Court finds that the additional 10.6 hours are compensable.

**III. Reasonable Hourly Rate**

The Magistrate recommended that the reasonable hourly rate is the maximum hourly rate provided for in the EAJA, adjusted for inflation based on the Consumer Price Index ("CPI"). The parties agree that this hourly rate—the CPI rate—is a reasonable hourly rate for the work performed by Claimant's attorneys. The parties also agree, and the Magistrate recommended, that the CPI rate for 2009 is $172.24 per hour and that the CPI rate for 2010 is $175.26 per hour. The Court finds no plain error or manifest injustice in these two recommendations and therefore accepts them.

The Magistrate recommended applying the 2009 CPI rate to work performed by Claimant's attorneys during 2009 and the 2010 CPI rate to work performed by Claimant's attorneys during 2010. Claimant objects to this recommendation and contends that the Court should apply the 2010 rate to all of the work. In support of this argument, Claimant cites *Norman v. Housing Authority of Montgomery*, 836 F.2d 1292, 1302 (11th Cir. 1988), which states that "where there is a delay [in the receipt of payment by counsel for the prevailing party], the court should take into account the time value of money and the effects of inflation and generally award compensation at current rates rather than at

historic rates." In *Perdue v. Kenny A. ex rel. Winn*, 130 S. Ct. 1662, 1675 (2010), however, the Supreme Court found that enhancements to compensate for a delay in payment should be reserved for unusual cases, such as cases "where the delay is unjustifiably caused by the defense." *Perdue*, 130 S. Ct. at 1675; *accord Gray ex rel. Alexander v. Bostic*, 613 F.3d 1035, 1044-45 (11th Cir. 2010) (modifying Eleventh Circuit's existing circuit law in light of *Perdue* and noting that enhancements for delay—such as compensating based on current rather than historic rates—are only to be made in unusual cases). This is not an unusual case where an enhancement is warranted, so the Court accepts the Magistrate's recommendation that the Court apply historic rates rather than current rates in this case.

The Court finds that the applicable hourly rate for the 10.6 hours expended during February 2011 is the CPI rate based on the February 2011 CPI. Based on the Court's calculations, that CPI rate is $177.67.

**IV. Reasonable Attorney's Fees**

Applying the historic hourly rate to the hours reasonably expended in this case, the reasonable attorney's fees in this case total $8,692.37, as detailed in the following chart:

| Year | Hours Expended | Hourly Rate | Total |
|---|---|---|---|
| 2009 | 37.65 | $ 172.24 | $ 6,484.84 |
| 2010 | 1.85 | $ 175.26 | $ 324.23 |
| 2011 | 10.6 | $ 177.67 | $ 1,883.30 |
| **Total** | | | $ 8,692.37 |

CONCLUSION

For the reasons set forth above, the Court modifies the Magistrate's Report and Recommendation and awards Claimant attorney's fees in the amount of $8,692.37, to be paid directly to Claimant.

IT IS SO ORDERED, this 24th day of March, 2011.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE